# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1950

_____

United States of America,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　　*　District Court for the District
　　　　　　　　　　　　　　　　　　*　of North Dakota.
　　　　　　　　　　　　　　　　　　*
Raymond Falcon,　　　　　　　　　　*　　　　　[UNPUBLISHED]
Also Known as Buddy Falcon,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　　*

_____

Submitted:　November 14, 2000

Filed:　January 29, 2001

_____

Before MORRIS SHEPPARD ARNOLD and JOHN R. GIBSON, Circuit Judges, and
　　　GOLDBERG,[1] Judge.

_____

　　　　[1]The Honorable Richard W. Goldberg, Judge, United States Court of
International Trade, sitting by designation.

PER CURIAM.

Raymond Falcon appeals the denial of a motion to suppress evidence. We affirm the judgment of the trial court.[2]

The testimony of several law enforcement agents and an informant at Mr. Falcon's trial tended to show the following. An informant made two controlled buys of marijuana from Mr. Falcon, and prior to each purchase officers searched the informant to make sure that he was not carrying drugs or money of his own. A few minutes after the first buy, the informant provided the officers with a plastic bag containing marijuana. During the second buy, which occurred outside Mr. Falcon's residence, Mr. Falcon opened the trunk of a brown Chevrolet and retrieved from a cooler a small bag of marijuana that he sold to the informant. After the transaction, Mr. Falcon drove the informant to a convenience store. When the officers picked the informant up, he handed them the marijuana.

Federal agents obtained a warrant to search Mr. Falcon's residence and executed it shortly after the controlled buys. During the search, Mr. Falcon provided an agent with a key to the trunk of a brown Chevrolet parked on his property; in the trunk the agents found a cooler containing almost 25 pounds of marijuana, baggies, and a scale. Carl Florez, an FBI agent, advised Mr. Falcon of his rights, see Miranda v. Arizona, 384 U.S. 436 (1966), and then asked him who owned the drugs. Mr. Falcon acknowledged ownership. He was arrested and transported to a county jail, where jail staff asked him a series of questions. An agent who was present at the time testified that Mr. Falcon, when asked his occupation, stated, "I own some trucks and marijuana sales sometimes."

---

[2]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

-2-

Prior to his jury trial on charges of possessing marijuana with the intent to distribute it, distributing it, and conspiring to distribute it, see 21 U.S.C. § 841(a)(1), § 846, Mr. Falcon moved to suppress the statements that he had made during the search and at the jail, and requested a hearing on the motion. In an affidavit attached to his motion, he maintained that before FBI Agent Florez questioned him the agent "said something" that Mr. Falcon later understood was a rights advisement; however, Mr. Falcon attested that FBI Agent Florez did not ask whether he understood what was said or whether he wished to make a statement without counsel present. Although according to Mr. Falcon's affidavit he did not think about his right to counsel when answering FBI Agent Florez's questions, he asserted that upon recognizing this right, he requested counsel. Mr. Falcon's affidavit maintained, finally, that he was questioned at the jail without counsel's presence, he believed that he had to answer the questions, and, in response to the question about his occupation, he had said that he "owned some trucks and 'they said [that he] sold marijuana sometimes.' "

The trial court denied the suppression motion without a hearing. The court found that Mr. Falcon's affidavit indicated that he had indeed received an appropriate Miranda warning and had voluntarily spoken with FBI Agent Florez. In view of Mr. Falcon's three prior felony convictions, the court found that it was not credible that he was confused or did not understand the criminal justice process. The statements to which Mr. Falcon objected in his motion were introduced at trial, the jury returned a guilty verdict, and the trial court sentenced him to a ten-year prison term.

Even assuming that the trial court erred in denying the motion to suppress without a hearing, the error was harmless beyond a reasonable doubt, given the overwhelming evidence against Mr. Falcon that we rehearsed above. See Holtzen v. United States, 694 F.2d 1129, 1131 (8th Cir. 1982) (per curiam).

Accordingly, we affirm.

-3-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.